**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TRACY TREST** **CIVIL ACTION**

**VERSUS**

**AIDS HEALTHCARE FOUNDATION** **NO. 23-01280-BAJ-SDJ**

**RULING AND ORDER**

Before the Court is Defendant AIDS Healthcare Foundation's ("AHF") **Motion in Limine (Doc. 152).** The Motion is opposed. (Doc. 163). For the following reasons, and for the reasons stated on the record during the September 2, 2026 hearing on the matter (Doc. 172), the Motion will be **GRANTED.**

## I. BACKGROUND

This is a hostile work environment case. The Court previously described the facts of this case in detail. (Doc. 128). Following summary judgment, the remaining claims before the Court are Plaintiff's hostile work environment claims under the ADA and the ADEA.

## II. LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only

clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting Auenson, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

## III. DISCUSSION

In the Motion, Defendant asks the Court to exclude the following evidence:

(1) 2,400 pages of medical records Plaintiff produced on July 28, 2026 and August 13, 2026;

(2) Testimony or argument regarding the information contained in the medical records; and

(3) Testimony of Dr. Bridget Worth, a witness Plaintiff disclosed on August 24, 2026.

(Doc. 152).

The discovery deadline passed on February 14, 2025. (Doc. 82). Plaintiff did not produce the medical records at issue until July 28 and August 13, 2026, mere

weeks before the September 8, 2026 trial date. (Doc. 163 at 6). Plaintiff did not identify Dr. Worth as a witness until August 24, 2026. (*Id.*).

Under Fed. R. Civ. P. Rule 37(c)(1), if "a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." In determining whether a violation of Rule 26 is harmless or substantially justified, a court must consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

"The decision whether the failure was justified and/or harmless is committed to the district court's sound discretion[.]" *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 375 (5th Cir. 2004). "Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883–84 (5th Cir. 2004).

Here, the Court finds that at least three of the four factors articulated by the Fifth Circuit show that Plaintiff's late disclosure was not harmless or substantially justified. Accordingly, the Court will **EXCLUDE** the evidence at issue.

Turning to the first factor, the importance of the evidence, the Court has not had ample opportunity to review the nearly 2,400 pages of records and determine the importance of the evidence due to Plaintiff's late disclosure. The evidence is likely important, however, because it addresses Plaintiff's health condition, and whether Plaintiff was disabled within the meaning of the Americans with Disabilities Act is at issue in this case.

Turning to the second factor, the prejudice to the opposing party of including the evidence, the Court finds that allowing Plaintiff to present this evidence to the jury would cause significant prejudice to Defendant. Defendant has not had an opportunity to depose the newly disclosed providers. Defendant would likely need to consult with its own medical experts to review and analyze Plaintiff's medical records. Plaintiff's late disclosure does not allow Defendant to conduct its own due diligence regarding the nearly 2,400 pages of newly disclosed medical records.

Turning to the third factor, the possibility of curing such prejudice by granting a continuance, the Court finds that a continuance is unwarranted here. This case has been pending for three years and trial has been continued multiple times. The parties and the Court have invested substantial resources preparing for trial.

Turning to the fourth and final factor, the explanation for the party's failure to disclose, the Court is not satisfied with Plaintiff's explanation for the late disclosure as set forth in Plaintiff's Opposition brief (Doc. 163) and during the September 2, 2026 hearing on Defendant's Motion (Doc. 172).

Because at least three of the four factors show that Plaintiff's late disclosure was not harmless or substantially justified, the Court will **EXCLUDE** the evidence at trial.

The Court also emphasizes that its Pretrial Instructions provide:

> No party shall be permitted to introduce and/or offer into evidence any exhibit in its case and chief that is not listed in the parties' jointly submitted Pretrial Order, absent good cause shown.
>
> No party shall be permitted to call any witness in its case and chief who is not listed in the parties' jointly submitted Pretrial Order, absent good cause shown.

The Court is not satisfied that good cause has been shown here to permit Plaintiff's late disclosures. Defendant's Motion in Limine (Doc. 152) is **GRANTED.**

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant AIDS Healthcare Foundation's **Motion in Limine (Doc. 152)** is **GRANTED.** The following evidence will be **EXCLUDED** at trial:

(1) Plaintiff's medical records located in the record at Doc. 156–Doc. 156-1;

(2) Testimony or argument regarding the information contained in the medical records; and

(3) The testimony of Dr. Bridget Worth.

Baton Rouge, Louisiana, this 4th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**