**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TRACY TREST** **CIVIL ACTION**

**VERSUS**

**AIDS HEALTHCARE FOUNDATION** **NO. 23-01280-BAJ-SDJ**

**RULING AND ORDER**

Before the Court is Defendant AIDS Healthcare Foundation's ("AHF") **Motion in Limine (Doc. 136).** The Motion is opposed. (Doc. 139). Defendant filed a Reply Brief. (Doc. 143). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

This is a hostile work environment case. The Court previously described the facts of this case in detail. (Doc. 128). Following summary judgment, the remaining claims before the Court are Plaintiff's hostile work environment claims under the ADA and the ADEA.

## II. LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only

clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting Auenson, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

## III. DISCUSSION

In the Motion, Defendant asks the Court to exclude seventeen items or categories of evidence. (Doc. 136). For the reasons described herein, the following requests to exclude evidence will be **DENIED**:

(1) The Parties' Financial Positions;

(2) Causation of Mental or Emotional Distress; and

(3) Back or Front Pay.

The following requests to exclude evidence will be **DENIED AS MOOT**:

(1) Golden Rule Arguments;

(2) Plaintiff as a "Victim"; and

(3) Court Rulings.

The following requests to exclude evidence will be **DENIED WITHOUT PREJUDICE**:

(1) Dismissed Claims;

(2) Mischaracterization of Exhibits;

(3) Allegations Not Contained in Complaint;

(4) Other Claims or Lawsuits;

(5) Effect of EEOC Charge or Events of Which Witness has No Personal Knowledge;

(6) Discrimination Based on Age or Disability;

(7) Testimony of Roshini Matthews and text messages between Plaintiff and Matthews; and

(8) Photos of Plaintiff.

The following request to exclude evidence will be **GRANTED IN PART** and **DENIED IN PART**: "Sending a Message" and Acting as the "Conscience of the Community."

The following request to exclude evidence will be **GRANTED**: Email from Jason Culler.

The Court will address each item or category in turn.

**A. Defendant's Requests to Exclude Evidence that Will Be DENIED.**

The following requests to exclude evidence will be **DENIED**.

**i. The Parties' Financial Positions.**

First, Defendant asks the Court to exclude "any comment, argument, testimony and/or documentary evidence about Defendant's size as a corporation, finances, revenues, or profits, including evidence that Defendant is capable of paying a large verdict and/or allegations of Plaintiff's financial adversity or Defendant's financial prosperity." (Doc. 136 at 1).

Plaintiff responds that the Court should not exclude this evidence because it is relevant to her punitive damages claim. (Doc. 139 at 1).

"[E]vidence of a [defendant's] wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." *Govea v. CB&I LLC*, No. 2:22-CV-01328, 2024 WL 4537150, at *2 (W.D. La. Oct. 21, 2024) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981)). Courts have held that "[i]nformation regarding a defendant's financial position [] is generally irrelevant unless punitive damages are at stake." *Lopez v. Old Colony Ins. Servs. Inc.*, No. 2:19-CV-00969, 2023 WL 5761317, at *2 (W.D. La. Sept. 6, 2023) (internal citations omitted); *see also Johnson v. Lopez-Garcia*, No. CV 20-2024, 2021 WL 3630109, at *1 (E.D. La. Aug. 17, 2021) ("Punitive damages are not available in this case; therefore, evidence of wealth or the relative financial positions of the parties is inadmissible."); *Williams v. McDermott Int'l Inc.*, No. 2:20-CV-00277, 2022 WL 1664552, at *2 (W.D. La. May 25, 2022) ("[T]he court will permit evidence of

the defendants' net worth given its relevance to their ability to pay on [the punitive damages] claim[.]").

Because punitive damages remain an issue in this case, the Court will not exclude evidence regarding the parties' financial positions.[1] Defendant's request is **DENIED.**

**ii. Causation of Mental or Emotional Distress.**

Second, Defendant asks the Court to exclude "[a]ny comment, argument, testimony, and/or documentary evidence that Plaintiff, any other non-expert lay witness, or any unqualified expert attempts to offer regarding any proof of causation of mental and/or emotional distress[.]" (Doc. 136 at 3).

Plaintiff responds that she should be permitted to testify about her mental

---

[1] Defendant also argues that the Court should exclude this evidence because the parties agreed to bifurcation and a separate trial of certain issues, including "the issues of back pay, front pay, and/or liquidated damages[, which] are in the nature of equitable relief are to be decided by the Bench and not the jury." (Doc. 141 at 56).

Federal Rule of Civil Procedure 42(b) provides:

> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, ***the court may order*** a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b) (emphasis added).

The decision to bifurcate "is a matter within the sole discretion of the trial court." *In re Harbor Dredging LA, Inc.*, No. CV 24-00742-BAJ-EWD, 2025 WL 2613301, at *1 (M.D. La. Sept. 10, 2025) (citing *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). Here, the Court has not ordered a bifurcation of the issues of liability and damages in this case, and the parties have not filed a motion to bifurcate. Accordingly, Defendant's argument is unpersuasive.

state during and after the alleged hostile work environment at issue in this case. (Doc. 139 at 6). Plaintiff contends that she should also be permitted to present corroborating evidence through others, including her husband, regarding his observations of Plaintiff's emotional distress. (*Id.*).

When considering a similar argument, the U.S. District Court for the Western District of Louisiana emphasized:

> While lay witnesses may not provide opinions which "require[ ] specialized medical knowledge," *see id.* at 361, assuming Rule 701's requirements are met, "a lay witness can provide opinion testimony as to mental state." *Jordan v. Wayne Cty.*, 2017 U.S. Dist. LEXIS 108405, * 2 (S.D. Miss. Jul. 13, 2017) (*citing United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013)). Moreover, courts within the Fifth Circuit have permitted lay witnesses to provide opinion testimony as to causation of emotional stress and resulting headaches and upset stomachs. *Jordan*, 2017 U.S. Dist. LEXIS 108405, at * 2 (citing *Ishee v. Fannie Mae*, 2014 U.S. Dist. LEXIS 165910, *1-4 (S.D. Miss. Nov. 26, 2014)). Similarly, "courts allow lay witnesses to testify as to their firsthand observations of the mental anguish or emotional distress suffered by parties." *Eubanks v. St. Tammany Parish Hosp.*, [] 2004 WL 1403403 (E.D. La. Jun. 22, 2004); *Robert v. Maurice*, [] 2020 WL 4035523 (E.D. La. Jul. 16, 2020) (*citing Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004)). Assuming a proper foundation is laid under Rule 701, Plaintiff and other lay witnesses may provide opinion testimony as to Plaintiff's mental state. As such, the motion is denied in this regard.

*Govea*, 2024 WL 4537150, at *5; *see also Williams*, 2022 WL 1664552, at *7 ("The court sees no reason why, with a proper foundation under Federal Rule of Evidence 701, plaintiff or any other lay witness should not be able to offer an opinion on plaintiff's mental state after the alleged acts of retaliation and the connection between the two."). For the same reasons, Defendant's request is **DENIED.**

**iii. Back or Front Pay.**

Third, Defendant asks the Court to exclude "[a]ny evidence being presented to the jury regarding any alleged back pay and/or front pay damages of Plaintiff[.]" (Doc. 136 at 3).

Plaintiff agrees that front and back pay are to be decided by the Court, but that she must prove how much she was paid at AHF through testimony and other documents. Defendant contends that because the parties agreed to bifurcate the issues and have the jury only determine liability, evidence of front and back pay need not be presented to the jury. (Doc. 143 at 7).

Again, the Court has not bifurcated this trial. Accordingly, Defendant's request is **DENIED**.

**B. Defendant's Requests to Exclude Evidence that Will Be DENIED AS MOOT.**

The following requests to exclude evidence will be **DENIED AS MOOT**.

**i. Golden Rule Arguments.**

Fourth, Defendant asks the Court to exclude "golden rule arguments," which it describes as "references or comments in opening statement, closing argument, or at any other point of the trial that jury members should 'stand in Plaintiff's shoes.'" (Doc. 136 at 1).

Plaintiff responds that golden rule arguments are permissible regarding liability under the ADA and ADEA, and therefore, Plaintiff should be permitted to make these arguments regarding the issue of liability. (Doc. 139 at 2). In its Reply Brief, Defendant "agrees to the limitation identified in [Plaintiff's] response that

Golden Rule arguments are permissible on the issue of liability only." *See Williams*, 2022 WL 1664552, at *2 ("[P]laintiff may make Golden Rule arguments on the issue of liability only.").

Based on the parties' agreement, Defendant's request is **DENIED AS MOOT.**

**ii. Plaintiff as a "Victim."**

Fifth, Defendant asks the Court to exclude "[a]ny reference, argument, testimony, or comment by Plaintiff's counsel referring to Plaintiff as a 'victim' or other words to that effect[.]" (Doc. 136 at 2).

Plaintiff responds that in *Govea*, the Western District "rejected this same argument by present defendant (represented by the same law firm) and allowed a Title VII plaintiff to be referred to as a 'victim' at trial." (Doc. 139 at 2). Based on the *Govea* case, Defendant withdraws its request. *See Govea*, 2024 WL 4537150, at *3.

Accordingly, Defendant's Fourth Motion in Limine is **DENIED AS MOOT**.

**iii. Court Rulings.**

Sixth, Defendant asks the Court to exclude "any mention of any action of the Court in ruling upon any matter, including this Motion in Limine, prior to or during the trial of this case where the ruling is made outside the presence of the jury[.]" (Doc. 136 at 2). Defendant also requests "an instruction that no mention or reference be made about the pleadings, motions (including this Motion in Limine), or other matters filed by Defendant herein or of referencing the particular nature of such matters filed by Defendant[.]" (*Id.*).

Plaintiff responds that her Counsel does not intend to reference Motions or

Court Rulings to the jury. Thus, Plaintiff contends that Defendant's request is moot. (Doc. 139 at 3).

Based on the parties' agreement that they will not reference Motions or Court Rulings to the jury, Defendant's request is **DENIED AS MOOT**.

### C. Defendant's Requests to Exclude Evidence that Will Be DENIED WITHOUT PREJUDICE.

The following requests to exclude evidence will be **DENIED WITHOUT PREUDICE** to Defendant's right to re-urge the argument at trial.

#### i. Dismissed Claims.

Seventh, Defendant asks the Court to exclude "[a]ny comment, argument, testimony, and/or documentary evidence offered to prove dismissed claims and/or the alleged discriminatory nature of any employment action that forms the basis of dismissed claims[.]" (Doc. 136 at 2).

Plaintiff responds that "[w]ithout any sort of specific indication as to what actual commentary, testimony, or documentary evidence defendant seeks to exclude, no such blanket order is warranted." (Doc. 139 at 3).

The Court agrees with Plaintiff and finds that relevant context is necessary. Accordingly, the Court will deny Defendant's request at this time and defer ruling until the issue presents itself at trial. Defendant's request is **DENIED WITHOUT PREJUDICE**. *See Govea*, 2024 WL 4537150, at *3; *Washington v. E. Baton Rouge Par. Sch. Bd.*, No. CV 21-00192-BAJ-RLB, 2023 WL 2072083, at *1 (M.D. La. Feb. 17, 2023) (citing *Auenson*, 1996 WL 457258, at *1) ("[C]ourts should reserve evidentiary rulings until trial so that questions as to the evidence "may be

resolved in the proper context.”).

**ii. Mischaracterization of Exhibits.**

Eighth, Defendant asks the Court to exclude “[a]ny comment, argument, testimony, and/or documentary evidence regarding any exhibit offered by any party that mischaracterizes the content of the exhibits[.]” (Doc. 136 at 2).

Plaintiff responds that trial has not yet begun, such that no mischaracterization of exhibits has occurred. (Doc. 139 at 3). Plaintiff argues that the Court should not issue a mere advisory ruling. (*Id.*).

The Court again agrees with Plaintiff. Accordingly, Defendant’s request is **DENIED WITHOUT PREJUDICE** to Defendant’s right to raise the argument should the issue arise at trial. *See Govea*, 2024 WL 4537150, at *3 (reaching the same conclusion); *see also Williams*, 2022 WL 1664552, at *4 (“The court is confident that all counsel in this matter are professionals who are aware of their obligations and that they do not require an order in limine against violating them.”).

**iii. Allegations Not Contained in Complaint.**

Ninth, Defendant asks the Court to exclude “[a]ny comment, argument, testimony, and/or documentary evidence pertaining to any allegation of discrimination that Plaintiff did not plead in his Complaint[.]” (Doc. 136 at 2).

Plaintiff replies that, again, Defendant has failed to identify any specific evidence or testimony it seeks to exclude and argues that blanket evidentiary exclusions are disfavored. (Doc. 139 at 4).

The Court finds that “whether a specific example falling under that claim was

sufficiently noticed in the [C]omplaint's more general allegations cannot be determined at this time." *See Williams*, 2022 WL 1664552, at *4 (reaching same conclusion). Accordingly, Defendant's request is **DENIED WITHOUT PREJUDICE** to Defendant's right to object to any such references or evidence at trial.

**iv. Other Claims or Lawsuits.**

Tenth, Defendant asks the Court to exclude "[a]ny comment, argument, testimony, and/or documentary evidence relating to Defendant's role as a party in any other action, showing that Defendant settled any claim or lawsuit or had an adverse finding entered against it in any claim or lawsuit, and/or that any person other than Plaintiff filed any charge or complaint of discrimination against Defendant[.]" (Doc. 136 at 2–3).

Plaintiff responds that, again, it is unclear which specific evidence or testimony Defendant seeks to exclude. (Doc. 139 at 4). Defendant replies that Plaintiff has submitted two lawsuits against AHF filed in the United States District Courts for the Northern District of Texas and Northern District of California. (Doc. 143 at 4 (citing Doc. 139-4 (Docket sheet from Northern District of Texas); Doc. 139-6 (Complaint filed in Northern District of Texas); Doc. 139-7 (Andrew Killeen Deposition transcript))). Plaintiff's Exhibit List, however, does not appear to include Court documents from other dockets.

Without context, the Court cannot judge the potential admissibility of the evidence at this time. Accordingly, Defendant's request is **DENIED WITHOUT PREJUDICE** to Defendant's right to object to specific argument or evidence at trial.

**v. Effect of EEOC Charge or Events of Which Witness has No Personal Knowledge.**

Eleventh, Defendant asks the Court to exclude "[a]ny comment, argument, testimony and/or documentary evidence that constitutes generalized, conclusory, and/or speculative statements about the effect of filing an EEOC charge, or regarding perceived discrimination or testimony about events of which the witnesses have no personal knowledge[.]" (Doc. 136 at 3).

Plaintiff responds that Defendant fails to identify the specific generalized, conclusory, or speculative statements it seeks to exclude. (Doc. 139 at 5). Plaintiff contends that, again, the Court should reject Defendant's request to issue a "blanket" exclusion. (*Id.*).

The Court cannot judge the admissibility of all statements potentially falling under this broad umbrella and thus declines to enter any such order. Defendant may object to any inappropriate argument or evidence as it arises at trial. *See Williams*, 2022 WL 1664552, at *5 (reaching same conclusion). Accordingly, Defendant's request is **DENIED WITHOUT PREJUDICE** to Defendant's right to object to specific argument or evidence at trial.

**vi. Discrimination Based on Age or Disability.**

Twelfth, Defendant asks the Court to exclude "[a]ny comment, testimony, and/or evidence that Plaintiff believed Defendant discriminated against her because of her age or disability[.]" (Doc. 136 at 3).

Plaintiff responds that she is required, as part of her hostile work environment claim, to prove that the harassment she suffered in her working environment was

"subjectively offensive[.]" (Doc. 139 at 5). Accordingly, Plaintiff argues that she should be permitted to testify about her subjective belief that that Defendant harassed her on account of her age and disability, and that such actions or comments were offensive. (*Id.*).

"[T]he Court must evaluate any allegedly subjective opinions on discrimination to determine whether a proper foundation has been laid so that they may be admitted under Federal Rule of Evidence 701." *Govea*, 2024 WL 4537150, at *5; *see also Williams*, 2022 WL 1664552, at *6. Given that no specific testimony has yet been challenged, the Court cannot make such a determination at this time. Accordingly, Defendant's request is **DENIED WITHOUT PREJUDICE** to Defendant's right to object to specific testimony at trial.

**vii. Roshini Matthews.**

Thirteenth, Defendant asks the Court to exclude the following evidence: (1) testimony from Roshini Matthews; and (2) Plaintiff's Exhibit 64, which includes texts messages between Plaintiff and Roshini Matthews (bearing Bates Plaintiff's 0312-0399) (Doc. 136-3). (Doc. 136 at 3–4).

Defendant represents that Plaintiff's supervisor, Killeen, also hired Matthews. (Doc. 136-1 at 9). Defendant contends that Matthews began working for Defendant in February 2020 as a floater pharmacist, and was promoted to staff pharmacist at Defendant's Dallas, Texas location in July 2021. (*Id.*). Defendant argues that Matthews never worked at Defendant's Baton Rouge location, where Plaintiff worked. (*Id.*). Accordingly, Defendant contends that Matthews has no firsthand

knowledge of the events that occurred at Defendant's Baton Rouge location. (*Id.*).

Plaintiff responds that Matthews' knowledge and potential testimony regarding Plaintiff's working environment and Defendant are relevant. (Doc. 139 at 7). Plaintiff further argues:

> Specifically, Ms. Matthews' knowledge about the daily conversations she had with [Plaintiff] regarding Dr. Azmeh and Mr. Killeen's mistreatment of Ms. Trest is relevant for purposes of her remaining claims. In addition, Ms. Matthews' knowledge regarding her own requests for accommodation and defendant [Defendant's] response, namely targeting and retaliatory write ups, is relevant evidence to show defendant's discriminatory animus and motives to those with disabilities, and to rebut defendant's affirmative defense that it did not act in good faith and based on reasonable ground[.]

(*Id.*).

The Court finds that the sole fact that Matthews was assigned to a different AHF location than Plaintiff, standing alone, does not warrant her exclusion at this time. Killeen hired both Plaintiff and Matthews, and both worked as pharmacists for Defendant. Defendant may challenge Matthews' testimony on cross-examination.

Defendant also seeks to exclude Plaintiff's text messages with Matthews as irrelevant, hearsay, and unauthenticated. (Doc. 136-1 at 9–10). Plaintiff responds that she has the personal knowledge to authenticate the text messages and lay the proper foundation at trial. (Doc. 139 at 8–9). She further contends that the messages are relevant to show the harassment she experienced at work as well as her damages. (*Id.*).

A review of the exhibit at issue shows 88 pages of purported text messages between Plaintiff and Matthews. (Doc. 136-3). Rather than issue a ruling on each text

message before trial, the Court will allow Plaintiff the opportunity to lay foundation, show relevance, and overcome Defendant's hearsay objection in the context of the specific text message at issue during trial. Defendant may re-urge its objection at that time, if appropriate. Accordingly, Defendant's request is **DENIED WITHOUT PREJUDICE.**

**viii. Photos of Plaintiff.**

Fourteenth, Defendant asks the Court to exclude Plaintiff's Exhibit 91, "documents labeled and/or identified by Plaintiff as 'Photos of Plaintiff,' bates labeled Plaintiff's 0517-0519[.] (Doc. 136-4)" (Doc. 136 at 3). Defendant contends that the photos are unauthenticated and inadmissible hearsay. (Doc. 136-1 at 10). Defendant also argues that Plaintiff's supervisor, Killeen, never received the photos at issue. (*Id.* at 10–11).

Plaintiff responds that she will authenticate the photos at trial, and that photos she took of herself are not hearsay. (Doc. 139 at 9). She also argues that Killeen received the photos, and that fact issues should not be resolved on a motion in limine. (*Id.* at 10).

The Court will determine the admissibility of Plaintiff's Exhibit 91 in the context of trial. The Court requires additional information regarding the purpose of the photos, who took the photos, and whether Defendant received the photos at issue. Accordingly, Defendant's request is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-urge the argument at trial in the proper context.

**D. Defendant's Request to Exclude Evidence that Will Be GRANTED IN PART and DENIED IN PART— "Sending a Message" and Acting as the "Conscience of the Community."**

Fifteenth, Defendant asks the Court to exclude references "that jury members should 'send a message' to Defendant's boardroom, act as the 'conscience of the community,' or consider similar and equally improper factors in determining whether to award compensatory damages, or in determining the size of such awards." (Doc. 136 at 2). Defendant argues that these arguments would unfairly prejudice Defendant. (Doc. 143 at 2).

Plaintiff responds that such arguments are relevant to her request for punitive damages under the ADA. (Doc. 139 at 2).

A conscience of the community argument "references to a community standard or expectation that would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." *Govea*, 2024 WL 4537150, at *2 (citing *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir. 1985)). Such appeals "serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." *Id.* This Court has held that "Plaintiff's counsel may, however, ask the jury to send a message with respect to his request for punitive damages." *Govea*, 2024 WL 4537150, at *2 (citing *Aikens v. Central Or. Truck Co., Inc.*, 2021 WL 4312720, at *2 (E.D. Tex. Sep. 22, 2021) (collecting cases)); *Williams*, 2022 WL 1664552, at *3 ("[P]laintiff may make limited arguments asking jury to send a message to defendants with respect to a punitive damages verdict, but is forbidden from making any such argument relating to compensatory damages or from

emphasizing defendants' status as an outsider in the community.").

Accordingly, Defendant's request is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff may make limited arguments asking the jury to send a message to Defendant with respect to punitive damages. Plaintiff may not make any such argument outside of her request for punitive damages.

**E. Defendant's Request to Exclude Evidence that Will Be GRANTED—Email from Jason Culler.**

Sixteenth, Defendant asks the Court to exclude Plaintiff's Exhibit 103, "documents labeled and/or identified by Plaintiff as 'Email from Jason Culler, dated January 15, 2025, non-bates labeled, produced by plaintiff January 16, 2025, and exclude any comment, testimony, and/or evidence regarding such document (Doc. 136-7). Defendant argues that this document is unauthenticated.

Plaintiff responds that "the email can be authenticated by testimony from Mr. Culler." (Doc. 139 at 13). As Defendant points out, however, Culler is not on Plaintiff's Witness List (Doc. 158), and accordingly, the Court understands that Plaintiff will not call Culler at trial. Accordingly, unless Plaintiff can offer some other basis for authentication, Plaintiff's Exhibit 103 will be **EXCLUDED** at trial.

**F. Plaintiff's Disability Letter from Veterans Affairs.**

Finally, Defendant asks the Court to exclude Plaintiff's Exhibit 94, "documents labeled and/or identified by Plaintiff as 'Plaintiff's Disability Letter from Veterans Affairs dated June 27, 2024,' bates labeled Plaintiff's 09018-09019, and exclude any comment, testimony, and/or evidence regarding such document[.]" (Doc. 136 at 3 (citing Doc. 136-6)). Defendant contends that the document shows that Plaintiff

suffers from a service-related disability but does not identify what that disability is. Because Plaintiff's dates of service were long before her GCA diagnosis, Defendant contends that the service-related disability could not plausibly be GCA. (Doc. 136-1 at 11–12). Defendant also argues that the document has not been authenticated, constitutes inadmissible hearsay, is irrelevant, prejudicial, and would confuse and mislead the jury. (*Id.*).

Plaintiff responds that the document can be authenticated by a representative from the Department of Veterans Affairs and Plaintiff. (Doc. 139 at 10–11). Plaintiff further responds that the document can show "the nature of [Plaintiff's] GCA and that her GCA has worsened for purposes of damages." (*Id.* at 10).

A review of the document at issue shows the following:

**VA Benefit Information**

| | |
|---|---|
| **You have one or more service-connected disabilities:** | Yes |

(Doc. 136-6). The document does not identify what Plaintiff's "service-connected disabilit[y]" is, or whether the disability is GCA. (*Id.*).

Accordingly, to the extent the "service-connected disabilit[y]" at issue is indeed GCA, Plaintiff may introduce the document to show that she has GCA. To the extent that "service-connected disabilit[y]" described in the document does not refer to GCA, the Court will exclude the document as potentially confusing or misleading to the jury. The Parties shall confer and inform the Court on the morning of trial regarding the status of Plaintiff's Exhibit 94 in accordance with this Ruling.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant AIDS Healthcare Foundation's ("AHF") **Motion in Limine (Doc. 136)** is **GRANTED IN PART** and **DENIED IN PART** as described herein.

Baton Rouge, Louisiana, this 4th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**